UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X

LORRAINE SINCLAIR,                                       Civil Action No.:

                Plaintiff,

-against-                                                **COMPLAINT**

ALDOUS & ASSOCIATES, PLLC,                               **DEMAND FOR JURY TRIAL**

                Defendant(s).
---------------------------------------------------------X

Plaintiff LORRAINE SINCLAIR ("Plaintiff"), by and through her attorneys, M. Harvey Rephen & Associates, P.C. by Edward B. Geller, Esq., P.C., Of Counsel, as and for her Complaint against the Defendant, ALDOUS & ASSOCIATES, PLLC (hereinafter referred to as "Defendant(s)"), respectfully sets forth, complains and alleges, upon information and belief, the following:

### INTRODUCTION/PRELIMINARY STATEMENT

1.  Plaintiff brings this action on her own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

### PARTIES

2.  Plaintiff LORRAINE SINCLAIR is a resident of the State of New York, residing at 137 West 144th Street, Apartment 5-B, New York, New York 10030.

3.  Defendant ALDOUS & ASSOCIATES, PLLC. is a Utah company engaged in the business of debt collection with an office address at 4262 Inperial

Way, Provo, Utah 84604.

4. The Plaintiff is a "consumer" as the phrase is defined and used in the FDCPA under 15 USC §1692a(3).

5. Defendant is a "debt collector" as the phrase is defined and used in the FDCPA under 15 USC §1692a(6).

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 15 USC §1692 et seq. and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

8. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "7" herein with the same force and effect as if the same were set forth at length herein.

9. Upon information and belief, Defendant, on behalf of a third-party or itself as purchaser of the debt, began efforts to collect an alleged consumer debt from the Plaintiff.

10. Upon information and belief, Defendant began its collection efforts and campaign of communications with the Plaintiff on January 5, 2015 and February 13, 2015 and leaving voice messages.

11. Defendant's messages consisted of a male employee speaking at an

excessively rapid pace with loud voices in the background. Said employee ran words and sentences together and his message began with several seconds of many background voices speaking at once after which said employee stated: "This is [sounded like] "Jay Adam" calling from [unintelligible] associates [unintelligible] Ms. Sinclair, please give me a call back number's 888 221 5155 this is from a debt collector and this is an attempt to collect a debt." Defendant's call lasted 14 seconds.

12. The recorded greeting at the number where Defendant left the aforementioned message (i.e., "You have reached the Sinclairs, sorry to miss your call but please leave a message") explicitly states that the caller has reached a telephone which is in use by multiple individuals in the home.

13. Defendant's call of February 13, 2015 was heard by Plaintiff's resident partner, Corey Boone, who consequently learned that Defendant, a debt collector, was calling Plaintiff to collect a debt.

14. On September 4, 2015, an employee of the undersigned law firm placed a telephone call to Defendant's number to ascertain the business name of Defendant.

## FIRST CAUSE OF ACTION
### (Violations of the FDCPA)

15. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "14" herein with the same force and effect as if the same were set forth at length herein.

16. Pursuant to 15 USC §1692c(b), without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the

collection of any debt, with any person other than a consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

17. The Defendant violated 15 USC §1692 c (b) on February 13, 2015 by disclosing to Plaintiff's partner, Corey Boone, that Plaintiff, was being contacted by a debt collector about a debt.

18. Pursuant to 15 USC §1692d(6), a debt collector may not place telephone calls without meaningful disclosure of the caller's identity.

19. In the telephone message left for Plaintiff by Defendant on February 13, 2015, Defendant's agent spoke too rapidly for listeners to comprehend Defendant's name and thus failed to disclose the identity of Defendant's business in violation of to 15 USC §1692d(6).

20. As a result of Defendant's neglect and carelessness in leaving a telephone message at a voice mail accessible to a third party using Plaintiff's name and debt collection disclosures, Plaintiff suffered extreme embarrassment and distress and according to 15 USC §1692k(a)(1), Defendant is liable to Plaintiff for damages sustained as a result of their failure to comply with §1692 et seq. of Title 15 of the United States Code (the FDCPA).

## DEMAND FOR TRIAL BY JURY

21. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendant as follows:

    A.    For actual damages provided and pursuant to 15 USC §1692k(a)(1);

    B.    For statutory damages provided and pursuant to 15 USC §1692k(2)(A);

    C.    For statutory damages provided and pursuant to 15 USC §1692k(2)(B);

    D.    For attorneys' fees and costs provided and pursuant to 15 USC §1692k(a)(3);

    E.    A declaration that the Defendant's practices violated the FDCPA;

    F.    For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: New York, New York
October 8, 2015

Respectfully submitted,

*[signature: Edward B Geller]*

Edward B. Geller, Esq. (EG9763)
Edward B. Geller, Esq., P.C., Of Counsel to
M. HARVEY REPHEN & ASSOCIATES, P.C.
15 Landing Way
Bronx, New York  10464
Phone:    (914)473-6783

*Attorney for the Plaintiff* LORRAINE SINCLAIR

To:    Aldous & Associates, PLLC
4262 Imperial Way
Provo, Utah 84604

(*Via Prescribed Service*)

Clerk,
United States District Court, Southern District of New York

(*For Filing Purposes*)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CASE NO.:

LORRAINE SINCLAIR,

Plaintiff,

-against-

ALDOUS & ASSOCIATES, PLLC,

Defendant(s).

# COMPLAINT

Edward B. Geller, Esq., P.C., Of Counsel to
*M. HARVEY REPHEN & ASSOCIATES, P.C.*
15 Landing Way
Bronx, New York 10464
Phone:   (914)473-6783